GRANFIELD v. ROWLINGS ET AL.

1. **Assignment:** INSTRUMENT CONSTRUED. A written instrument considered and held insufficient to constitute an assignment by a vendor of certain money due him for land sold, as against third persons.

*Appeal from Madison Circuit Court.*

THURSDAY, JUNE 10.

ACTION for specific performance of a contract to convey land. The plaintiff purchased of Isaac L. Rowlings, and five other persons by the name of Rowlings, who are made defendants herein, a tract of land in Madison county for the price of $1,250, and took from them a written contract, somewhat informal, the last part of which is as follows: "We have this day received on the within property $650 as part payment thereon; and further, the said J. C. Granfield agrees to pay $100 by the 10th of March, 1878, if I can; and the said I. L. Rowlings agrees to pay interest thereon until they had made their title good in law and deed filed for recording, then the said J. C. Granfield agrees to pay the remaining $450 as quick as it can be got from the loan company." The plaintiff avers that he has performed all the conditions of the contract necessary to entitle him to a deed and has demanded a deed, and that a deed has been executed by the proper persons and deposited with J. H. Mack, who is made defendant herein, but that said Mack refuses to deliver the same to him,

and that the other defendants refuse to perform their contract. He asks that he be decreed to be entitled to the deed executed and deposited with Mack. No defense is made except by Mack. He avers that his co-defendants were indebted to him; that to secure such indebtedness they assigned to him the balance due them from plaintiff for purchase money of the land, and delivered to him the deed in question, and he represents that he is ready and willing to deliver the deed to plaintiff upon being paid the balance of the purchase money, for which he asks judgment.

Upon the trial the plaintiff showed that he had been garnished as the debtor of James A. Rowlings and Isaac L. Rowlings; that he had answered disclosing such indebtedness and had been charged as garnishee.

The court decreed that the plaintiff was entitled to the deed deposited in the hands of Mack, and also decreed that the plaintiff should pay to Mack the balance of the purchase money, as soon as it could be obtained from the loan company, after deducting the amount for which the plaintiff had been charged as garnishee. The defendant Mack appeals.

*Wainwright & Miller*, for appellant.

*Leonard & Steele*, for appellee.

ADAMS, CH. J.—The appellant insists that he was entitled to a decree for the immediate payment of the whole balance of the purchase money and should have been allowed to retain the deed until the same was paid.

1. ASSIGN-
MENT : in-
strument
construed.

Under the contract the deed was to be filed for record, which would constitute a delivery, and a reasonable time was to be allowed plaintiff to enable him after the deed should be filed to obtain a loan. It was not competent for his vendors to make any contract with Mack whereby the payment of the balance of the purchase money should be made a condition precedent to plaintiff's right to the deed. We think,

therefore, that the court did not err in decreeing that the deed should be delivered in advance of the payment of the balance of the purchase money. Neither do we think that the court erred in deducting the amount with which plaintiff had been charged as garnishee.

The appellant claims that the balance of the purchase money had been assigned to him and notice of the assignment given to the plaintiff before he answered. In our opinion, however, he has failed to show an assignment.

The instrument relied upon as constituting an assignment is in these words:

"This agreement, made this 4th day of May, 1878, by and between James A. Rowlings, of Grand River township, Madison county, Iowa, party of the first part, and J. H. Mack, of Madison county, State of Iowa, of the second part, witnesseth as follows: Whereas, James A. Rowlings and Isaac L. Rowlings are indebted to J. H. Mack between the sums of $250 and $300, the said J. A. Rowlings and I. L. Rowlings deposit with said Mack two warranty deeds in favor of J. C. Granfield, which are to be turned over to Granfield when he pays the full amount of said indebtedness of J. A. Rowlings and Isaac L. Rowlings to J. H. Mack, and balance over and above J. H. Mack's claim to be paid also to J. H. Mack, and the said J. H. Mack to turn that balance over to J. M. Miller for his disposal.

(Signed)      "J. A. ROWLINGS,

"I L. ROWLINGS,

"J. H. MACK."

This writing, it appears to us, falls far short of constituting an assignment of the balance of the purchase money, or even so much thereof as might have been due to J. A. and I. L. Rowlings. By it J. A. and I. L. Rowlings say that they deposit two warranty deeds in favor of J. C. Granfield, but what land they cover or who executed them does not appear. Nothing is said about any purchase money. Mack appears

to be appointed agent to receive certain money, a part of which, when paid, he is to appropriate in paying himself what is due him from J. A. and I. L. Rowlings, and the balance he is to pay to Miller. The writing is not such that Mack could have maintained an action upon it against Granfield, nor could Granfield have escaped liability as a garnishee if he had set up the writing.

The burden was upon Mack to prove an assignment in order to entitle him to a decree for anything. It appears to us that the decree was more favorable to him than the evidence justified, but as the plaintiff does not complain the judgment will be

AFFIRMED.